UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>            Plaintiff,                              )<br>                                                         )<br>v.                                                       )<br>                                                         )<br>ROBERT JONES, as Executor of the )<br>ESTATE OF BILL JONES                 )<br>            Defendant.                          ) | Case No.  5:18-cv-00610 |

## UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Robert Jones, Executor of the Estate of Bill Jones ("Jones") to reduce to judgment and collect outstanding civil penalties assessed against Bill Jones for his willful failure to timely report his financial interest in a foreign bank account as required by 31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed penalties, late payment penalties and associated fees.  Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq*.) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies and the additional surcharge as authorized by 28 U.S.C. § 3011.  In support hereof, the United States alleges as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and 1355 because this action arises under a federal statute for the recovery of a penalty and the United States is the Plaintiff.  Further, upon completion of service of process, this Court will

have personal jurisdiction over Robert Jones, Executor of the Estate of Bill Jones pursuant to Fed. R. Civ. P. 4(k).

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because Bill Jones was a United States citizen whose last known address was in San Antonio, Texas. Bill Jones passed away in March 2017. Bill Jones' son Robert Jones was appointed the independent executor of Bill Jones' estate. Upon information and belief, Executor Robert Jones resides in San Antonio, Texas. Alternatively, venue may be proper under 28 U.S.C. § 1395.

### JONES' FAILURE TO TIMELY REPORT HIS FINANCIAL INTEREST IN HIS FOREIGN BANK ACCOUNT

3. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States citizens to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

4. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.* For the 2007, 2008 and 2009 years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).[1]

---

[1] Beginning with the 2016 tax year, the due date of the FBAR form will be April 15. Pub. L. No. 114-41, § 2006(b)(11).

*Jones' financial interest and signature authority in UBS Account*

5. Pioneer Associates Corp. ("Pioneer"), was a foreign corporation formed in 1994. Jones was a director and officer of Pioneer. Jones and his wife owned 100% of Pioneer's stock.

6. Jones hired an investment advisor Financial House Corporation ("FHC.") In July 1999, Jones authorized FHC to open an account in Pioneer's name at Dresdner Bank Lateinamericka in Germany.

7. Upon information and belief, in 2005 Union Bank of Switzerland ("UBS") bought Dresdner Bank Lateinamericka's assets.

8. On July 29, 2005, Jones directed and opened a foreign bank account at UBS under the name of Pioneer ("UBS Account.") Upon opening the UBS Account, Jones and his wife represented and certified that they owned all of the stock of Pioneer.

9. During 2005- 2009, Jones had signature authority over the UBS Account.

10. During 2005- 2009, Jones was the beneficial owner of the UBS Account.

11. At all times, Jones was the source of the funds in the UBS Account.

12. During 2005- 2009, Jones directed and made payments from the UBS Account to himself and others.

13. During 2005- 2009, Jones called the UBS Account his Account.

*UBS Account balances exceeded $10,000 in 2007, 2008 and 2009*

14. During 2007 the highest monthly balance of Jones' UBS Account was $873,209.

15. During 2008 the highest monthly balance of Jones' UBS Account was $877,488.

16. During 2009 the highest monthly balance of Jones' UBS Account was $726,328.

17. Clearly, during 2007, 2008 and 2009, the balances in the UBS Account exceeded $10,000.

*Jones' failure to disclose the UBS account was willful*

18. In 2007, 2008 and 2009, Jones had a financial interest in, and signatory authority over, the UBS Account which had account balances exceeding $10,000. Thus, on or before June 30 of 2008, 2009 and 2010, Jones was required to file an FBAR reporting his interest in the UBS account for 2007, 2008 and 2009, respectively.

19. Jones failed to timely file FBARs for 2007, 2008 and 2009 regarding the UBS Account.

20. Jones' failure to timely report his financial interest in the UBS Account for 2007, 2008 and 2009 was willful.

21. On Schedule B, Part III Line 7a of Jones' 2007, 2008 and 2009 federal income tax returns, Jones denied that he had **any** foreign bank accounts. Thus, Jones failed to disclose the UBS Account on his 2007, 2008 and 2009 tax returns.

22. Jones failed to disclose his interest in any foreign accounts to his tax return preparers for his 2007 return.

23. Upon information and belief, in July of 2009, Jones disclosed his interest in a foreign account to his 2008 return preparer.

24. Upon information and belief, after disclosing his interest in a foreign account to his 2008 tax return preparer, Jones was advised to amend his prior years returns and file FBAR reports.

25. However, rather than take his return preparers advice to amend his prior year returns, Jones changed tax return preparers for tax year 2009. Again, on his 2009 return filed in April 2010, Jones denied that he had any foreign bank accounts.

26. Jones also failed to file FBAR reports for 2007, 2008 and 2009 despite knowing he had an interest in a foreign account and after being advised that the law required him to file such reports.

27. Jones placed the UBS account in the name of Pioneer, a foreign corporation to conceal the account.

28. Jones used Pioneer and his foreign accounts, including the UBS Account, to conceal his income from U.S. taxation. From 2002-2009, Jones claimed that he did not own any foreign accounts.

29. Jones' UBS Account generated income taxable in the United States that was not reported on his federal income tax returns for 2007, 2008 and 2009.

30. Jones' unreported income from the UBS Account created deficiencies in his income taxes for each year from 2007 - 2009.

31. The United States Tax Court in Docket No. 27359-16 entered a decision that Jones' was liable for the income tax deficiencies and for the fraud penalty on these deficiencies for 2007 and 2008.

32. The United States Tax Court in Docket No. 27360-16 entered a decision that Jones' was liable for income tax deficiencies and the fraud penalty on these deficiencies for 2009.

33. Jones instructed UBS to make payments by check to certain individuals but to mail those checks to FHC and not himself.

34. In 2007, Jones directed UBS to make a $27,000 payment to purchase a car for himself.

35. Jones' directed UBS to pay by check expenses to restore a 1959 Porsche car from the UBS Account.

36. Jones sold the restored 1959 Porsche and in August 2007 and directed that $302,500 from this sale be deposited into his UBS Account.

37. In 2008, the IRS was investigating UBS regarding tax evasion on behalf of American clients. As part of that investigation, the IRS issued a John Doe summons to UBS for all of the names of its United States' clients.

38. In late July of 2008, Mark Branson, Chief Financial Officer for UBS Global Wealth Management and Business Banking, Zurich, Switzerland, testified before the United States Congress that UBS was going to cooperate with the IRS on the John Doe Summons. Branson also announced a UBS policy change that it would no longer provide offshore banking or securities services to United States residents through its bank branches.

39. On April 17, 2009, due to the UBS policy change, UBS informed Jones that it was closing his UBS Account.

40. In response, on April 28, 2009, Jones directed UBS to wire transfer his total net assets in the UBS Account to his personal account at Wachovia Bank in the United States.

41. Jones did not cooperate with the IRS during the FBAR examination and was interviewed only after the government initiated summons enforcement proceedings.

42. On June 7, 2013, after the IRS began its FBAR examination, Jones filed delinquent FBARs for 2007, 2008 and 2009.

43. However, in an effort to further conceal the extent of his offshore account, Jones' late filed FBARs for 2007, 2008 and 2009 were incorrect and failed to disclose the proper maximum value of the UBS Account.

44. Jones' late filed FBAR for 2007 disclosed the maximum value of the UBS Account as $373,272.04 during the 2007 calendar year.

45. However, Jones' UBS Account had a maximum value of $873,209 on October 31, 2007.

46. Jones' late filed FBAR for 2008 disclosed a maximum value in the UBS account of $111,187.33 during the 2008 calendar year.

47. However, Jones' UBS Account had a maximum value of $877,488 on May 31, 2008.

48. Jones' late filed FBAR for 2009 disclosed a maximum value in the UBS account of $538,774.45 during the 2009 calendar year.

49. However, Jones' UBS Account had a maximum value of $726,328 on March 31, 2009.

*Jones' 2007, 2008 and 2009 FBAR Penalty assessments*

50. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for a willful failure to comply with the reporting requirements of Section 5314 – *i.e,* when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so.  For violations involving the willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is 50% of the balance of the account at the time of the violation or $100,000, whichever is greater.  31 U.S.C. § 5321(a)(5)(C)(i).

51. On June 30, 2008, the UBS Account had an account balance of $854,808.

52. Jones' UBS Account had maximum account balances of $877,488 and $726,328 in 2008 and 2009, respectively.

53.     Due to Jones' willful failure to timely file FBARs reporting his financial interest in the UBS account for 2007, 2008 and 2009, a delegate of the Treasury Secretary assessed FBAR penalties against him pursuant to 31 U.S.C. § 5321(a)(5) on June 28, 2016, as follows:

Tax Year 2007          $427,404

Tax Year 2008          $100,000

Tax Year 2009          $100,000

54.     The IRS assessments of the 2007 and 2008 FBAR penalties were timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR penalty is six years from the date of the violation. The Forms TD F 90-22.1 or FBAR for 2007 and 2008 year were due on June 30, 2008, and June 30, 2009, respectively. Thus, the last day for the assessment of the FBAR penalty for 2007 was June 30, 2014.[2] However, Jones signed several consents to extend the time to assess 2007 and 2008 FBAR penalties until December 31, 2016. The FBAR penalties for 2007, 2008 and 2009 were timely assessed on June 28, 2016.

55.     The IRS assessment of the 2009 FBAR penalty against Jones was timely. The FBAR report for 2009 was due on June 30, 2010. Thus, the last day for assessment of the 2009 FBAR penalty was June 30, 2016. The FBAR penalty for 2009 was timely assessed on June 28, 2016.

56.     A delegate of the Treasury Secretary also gave notice and demand of the penalty assessments for 2007, 2008 and 2009.

---

[2] The 2007 FBAR statute of limitations for assessment would be the earliest since the 2008 year date would be June 30, 2015.

57. Despite the notice and demand for payment, Jones and the Estate of Bill Jones have failed to pay the 2007, 2008 and 2009 FBAR penalties assessed against Jones. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

58. As of May 26, 2017, Jones owed the United States $667,351.59 in penalties assessed under 31 U.S.C. § 5321, including interest and other statutory additions which have accrued and will continue to accrue as provided by law.

59. Likewise, this suit is timely because it was commenced within two years of the assessment date. Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR assessment must be commenced within two years from the date of assessment. Thus, the United States has until June 28, 2018, to timely file this suit.

WHEREFORE, the United States of America requests that the Court enter judgment in favor of the United States against Robert Jones, Executor of the Estate of Bill Jones, for Jones' 2007, 2008 and 2009 FBAR penalty assessments in the aggregate amount of $667,351.59 as of May 26, 2017, plus accruals and such other and further relief as the Court deems just and proper.

JOHN F. BASH
United States Attorney

/s/ Herbert W. Linder
HERBERT W. LINDER
Ohio Bar No. 0065446
JON E. FISHER
State Bar No. 550177-MA
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9754; (214) 880-9774 (facsimile)
Herbert.W.Linder@usdoj.gov
Jon.Fisher@usdoj.gov
ATTORNEYS FOR UNITED STATES

9

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
ROBERT JONES, as Executor of the ESTATE OF BILL JONES

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Herbert W. Linder, DOJ Tax Division  (214) 880-9754
717 N. Harwood, Suite 400, Dallas, TX 75201

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff) (For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☒ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. Section 5314, 28 U.S.C. Section 3001

Brief description of cause:
Willful failure to timely report financial interest in a foreign bank account.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
- **DEMAND $** 667,351.59
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 06/19/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ Herbert W. Linder

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**   **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.   Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.